Brady, J.
In an action against a married woman on a contract, which, per se, is of a business character, it is no longer necessary to allege that it relates to her separate estate. The statute of 1860 (Laws of 1860, 157), and the amendments passed thereto in 1862 (Laws of 1862, 343), have conferred upon a married woman the power to carry on business on her own account as if she were a feme sole, and have declared that the husband shall not be liable for any debts contracted by her in such business. The effect of these enactments is to change entirely the legal status of a married woman, and to invest her, in reference to any business which she may carry on on her own account, with all the rights and privileges of a feme sole, and to subject her to the same penalties as if she were unmarried.
When, therefore, she is sued upon a business transaction, the presumption is that she contracted on her own account with reference to her own business, and if such be not the fact she must make it apparent, if she desires to avoid liability. Having the right to make a contract, when one is made by her, the presumption must be in favor of its legality, and her consequent obligation according to its terms.
For these reasons the motion to strike out demurrer and answer must be granted, with liberty to the defendant to answer anew in ten days, and with $10 costs to plaintiff, to abide event.